[No. 15272.    Department One.—April 18, 1894.]

## HANNAH WEYGANT, Respondent, v. ALFRED BARTLETT, Appellant.

Resulting Trust—Compensation of Trustee—Gratuitous Service.—
Where the purchaser of a tract of land had the conveyance made to a third party as a mere matter of convenience, the latter cannot claim compensation for services as trustee, where it appears that he rendered no services of appreciable value to the purchaser, and that any services rendered by him were intended to be gratuitous.

Id.—Unrecorded Conveyance to Purchaser—Destruction of Deed.—
Where the trustee of a resulting trust conveyed the land to the purchaser by an unrecorded deed, which was afterwards delivered back, and then destroyed with the consent of the purchaser, the legal title vested in the purchaser, and did not return to the trustee by the subsequent destruction of the deed.

Id.—Record Title—Trust—Quieting Title.—The fact that the record title remained in the name of the grantor after the execution and destruction of the unrecorded conveyance to the purchaser is not sufficient to create a trust, and the purchaser may maintain an action to quiet his title to the land so conveyed to him, as against the grantor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Fisher Ames*, for Appellant.

*T. M. Osmont*, for Respondent.

GAROUTTE, J.—This is an action to quiet title. Defendant admits that he claims an adverse interest in the land, and bases such interest upon a claim for compensation out of said land as plaintiff's trustee thereof. Judgment went for plaintiff, and this appeal is from the order denying a motion for a new trial.

The facts of the case briefly stated are as follows: Plaintiff purchased the tract of land, and had the conveyance made to defendant as a mere matter of convenience. Upon the same day the defendant conveyed the land to plaintiff, and some time thereafter this deed was delivered back to defendant, it never having been recorded. The deed was then destroyed by defendant, probably with the consent of plaintiff. The record title thus appeared in the defendant at the commencement of the action. The defendant claims that under this state of facts he was constituted the trustee of plaintiff, and as such trustee rendered services to her in the care and attention of this realty, and that his compensation therefor constitutes a lien thereon.

The findings of fact are full and complete against defendant's claims at all points. Among other things, the court found that the defendant rendered no services of appreciable value to plaintiff, and if any services whatever were rendered they were intended by defendant to be gratuitous. The evidence is sufficient to support these findings, and they are determinative of the case.

Again, the facts we have cited do not constitute the defendant plaintiff's trustee. Upon the delivery by defendant of his deed to plaintiff, the legal title passed from him and never came back. The subsequent destruction of the deed, even if destroyed with the consent of plaintiff, did not affect the *status* of the title in the slightest degree. The mere record title stood in the

name of defendant, and that was all. That fact comprised his entire connection with the property, and was not sufficient to create a trust.

The order denying the motion for a new trial is affirmed.

HARRISON, J., and PATERSON, J., concurred.